# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1863

_____

Thomas Dickson; Sherri Dickson

*Plaintiffs - Appellees*

v.

American Bankers Insurance Company of Florida

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: December 19, 2013
Filed: January 7, 2014

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

After their residential property was inundated by massive flooding in Bismarck, North Dakota during the spring of 2011, Thomas and Sherri Dickson filed a claim with their insurer, American Bankers Insurance Company of Florida, for the costs of removing trees and other debris which the flood had deposited on their land. American Bankers denied the Dicksons' claim under their Standard Flood Insurance

Policy (SFIP), stating that the policy did not cover debris removal and that the Dicksons were barred from recovery in any event because they had failed to submit a proof of loss listing such a claim. The Dicksons disagreed and brought this declaratory judgment action against the insurer. The district court granted summary judgment in their favor, and American Bankers appeals. We reverse.

Congress established the National Flood Insurance Program (NFIP) in 1968 in order to reduce the burden on the public fisc after flood disasters. 42 U.S.C. § 4001. The program created a unified national system of flood insurance coverage, which is administered by the Federal Emergency Management Agency (FEMA). Id. § 4011. Under this program, FEMA promulgated the Standard Flood Insurance Policy (SFIP). 44 C.F.R. § 61.13; 44 C.F.R. pt. 61, app. A(1). FEMA regulations authorize private insurance companies, referred to as "Write Your Own" (WYO) insurers, to issue these flood policies. 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23; 44 C.F.R. pt. 62, app. B. As "fiscal agent[s] of the Federal Government," WYO insurers deposit SFIP premiums in the United States Treasury and pay SFIP claims and litigation costs with federal money. 42 U.S.C. §§ 4017(a), (d); 44 C.F.R. §§ 62.23(g), (i)(6), (i)(9). WYO insurers have no authority to alter, waive, or amend the terms of the SFIP without express written consent from the federal insurance administrator. 44 C.F.R. §§ 61.4(b), 61.13(d)–(e).

The Dickson property was flooded for over a month in the spring of 2011, causing extensive damage to their residence and depositing trees and other non owned debris onto their land. After the flood waters receded, the Dicksons spent $49,771.70 to remove the debris. In June 2011 they initiated a claim under their SFIP with American Bankers, their WYO insurer. In addition to coverage for damage to their home, they sought coverage for debris removal from their land. American Bankers hired Devin Miller of Sweet Claims Service to adjust the claim. Adjusters are trained by FEMA to evaluate flood insurance claims and assist with the efficient handling of claims. On August 19, 2011 the Dicksons wrote to Miller to confirm that

the costs of their debris removal would be reimbursed under their policy. Adjuster Miller replied three days later on August 22, stating that the SFIP did not cover the removal from their land of non owned debris. The Dicksons nonetheless submitted invoices for these costs on August 30 and September 9.

Due to the widespread damage caused by the flood, FEMA extended the Dicksons' proof of loss deadline to the middle of November. On September 18, Miller sent the Dicksons a completed proof of loss form he had prepared and which omitted the debris removal claim. Thomas Dickson responded by email with a question for Miller, asking him to confirm that "by signing [the prepared form], we are not waiving any right to contest any items not included in these papers." Dickson added that he disagreed with the omission of the debris removal costs and did not want to waive the right to seek reimbursement for this disputed claim. On the same day a different employee at Sweet Claims replied that Dickson "can always submit a supplemental claim for additional damages" and that "[b]y signing the paperwork, you are not waiving any rights." On September 19 the Dicksons timely submitted a signed and sworn proof of loss which claimed a total of $102,780.63 for damages to the house and its contents. On September 20 American Bankers reimbursed them for this undisputed amount of loss for their home.

A claims adjuster at American Bankers sent the Dicksons a letter on September 22, 2011 confirming the denial of their debris removal claim. The letter referred the Dicksons to the "Other Coverages" section of the SFIP, which states that "[w]e will pay the expense to remove non-owned debris that is on or in insured property and debris of insured property anywhere," and to the "Property Not Covered" section, which states that "[w]e do not cover . . . [l]and, land values, lawns, trees, shrubs, plants, growing crops, or animals." 44 C.F.R. pt. 61, app. A(1), art. III(C)(1)(a), IV(6). The letter informed the Dicksons that they had "one (1) year from the date of this denial to file suit." The Dicksons never filed a proof of loss for a claim on debris removal.

-3-

The Dicksons filed a declaratory judgment action in federal court on March 1, 2012, seeking a declaration that the SFIP provides coverage for the removal of "non-owned debris" deposited on their land. The parties then filed cross motions for summary judgment. The district court granted the Dicksons' motion after concluding that the language of the SFIP clearly provided coverage for debris removal and that American Bankers should be estopped from asserting the proof of loss requirement as a bar because the company had engaged in affirmative misconduct. American Bankers appeals, and our review is de novo. Gunter v. Farmers Ins. Co., Inc., 736 F.3d 768, 773 (8th Cir. 2013). Summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. On review we construe all facts and draw all reasonable inferences in favor of the nonmoving party. Id.

Under the terms of the SFIP, a policyholder "may not sue . . . to recover money under th[eir] policy unless [they] have complied with all the requirements of the policy." 44 C.F.R. pt. 61 app. A(1), art. VII.R; Gunter, 736 F.3d at 773. Among these requirements is the filing of a "proof of loss" within 60 days of a flood. Id., art. VII.J.4. The SFIP defines the proof of loss as the insureds' signed and sworn "statement of the amount [they] are claiming under the policy." Id. Independent insurance adjusters may assist the insureds by providing or preparing this proof of loss form, but the SFIP is clear that even with such assistance the insureds must use their own judgment concerning the amount of loss they claim. Id., art. VII.J.5, J.7. If the proof of loss is rejected, insureds have the option under the SFIP to accept the denial, to file an amended proof of loss by the deadline, or to exercise their right to sue under the policy. Id., art. VII.M.2.

We have recognized that the proof of loss requirement is a regulatory limit on the disbursement of funds through a federal insurance program; as such "it is to be strictly construed [for it] serves as a condition precedent to recovery under the SFIP." Gunter, 736 F.3d at 773 (citing Mancini v. Redland Ins. Co., 248 F.3d 729, 733 (8th

-4-

Cir. 2001)). Applying that standard in <u>Gunter</u>, we determined that a signed and sworn proof of loss "claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money." <u>Id.</u> at 774 (internal quotation marks omitted) (citing <u>DeCosta v. Allstate Ins. Co.</u>, 730 F.3d 76, 85 (1st Cir. 2013)). Although the Dicksons filed a proof of loss for their undisputed claims, including the damage to their residence, they never filed a proof of loss for their disputed debris removal claim. The Dicksons thus failed to satisfy the <u>Gunter</u> prerequisites for filing suit on their debris removal claim.

Although the district court recognized that the Dicksons had failed to satisfy the proof of loss requirement in respect to the debris removal, it granted summary judgment in their favor. It concluded that American Bankers had engaged in affirmative misconduct and thus should be estopped from relying on the proof of loss requirement as a bar to recovery by the Dicksons. It is however well established that "estoppel cannot be used to compel the government to pay money from the federal treasury beyond the limits of a congressional appropriation." <u>Mancini</u>, 248 F.3d at 735 (citing <u>Office of Pers. Mgmt. v. Richmond</u>, 496 U.S. 414, 426 (1990)). In <u>Mancini</u>, we explained that "the proof-of-loss requirement in the SFIP defines such a limit," and thus the insureds in that case could not assert estoppel against their WYO insurer. 248 F.3d at 735; <u>accord</u> <u>Wright v. Allstate Ins. Co.</u>, 415 F.3d 384, 387–88 (5th Cir. 2005); <u>Gowland v. Aetna</u>, 143 F.3d 951, 954–55 (5th Cir. 1998).

The Dicksons argue that the <u>Mancini</u> rule should not control because American Bankers is a private corporation and a judgment against it does not necessarily implicate the federal treasury. The NFIP in fact established that WYO insurers are "fiscal agent[s] of the United States." <u>Mancini</u>, 248 F.3d at 733 (citing 42 U.S.C. § 4071(a)(1)). WYO insurers deposit SFIP premiums into the United States Treasury and pay SFIP claims and litigation costs with federal money. 42 U.S.C. §§ 4017(a), (d); 44 C.F.R. §§ 62.23(g), (i)(6), (i)(9). After examining this statutory framework, the Fifth Circuit determined that "[u]nless FEMA explicitly notifies the insurance

company of its intent not to defend or indemnify, FEMA is presumed to pay the [WYO insurer's] litigation expenses and any resulting damages awards." Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 402 (5th Cir. 2012). As the Dicksons have provided no evidence to rebut this presumption, they are subject to the general rule that estoppel may not be used to compel payment by a WYO insurer. See Mancini, 248 F.3d at 735.

The Dicksons nevertheless argue that the rule barring estoppel is not a blanket prohibition and that we have recognized an exception if the insurer has engaged in "affirmative misconduct." Since we conclude that American Bankers did not engage in "affirmative misconduct," we decline to reach the question of whether such an exception could be shown on different facts. See Mancini, 248 F.3d at 735; Gunter, 736 F.3d at 774. The district court determined that American Banker's "intentional" omission of the debris removal claim from the Dickson's prepared proof of loss, particularly when it knew the Dicksons fully intended to pursue such a claim, was evidence of the adjuster's misconduct. Among the significant SFIP provisions concerning the proof of loss requirement is a rule that "[i]n completing the proof of loss, [the insureds] must use [their] own judgment concerning the amount of loss and justify that amount." 44 C.F.R. pt. 61 app. A(1), art. VII(J)(5). While insurance adjusters may assist with preparing the proof of loss form, they do so as "a matter of courtesy only" and insureds are ultimately responsible for ensuring their claim is timely filed. Id., art. VII(J)(7). Thus as a matter of law, the Dicksons were the only parties responsible for ensuring compliance with the proof of loss requirement, including the determination of the "amount of loss." See Gunter, 736 F.3d at 775.

The district court also concluded that the insurer's denial of coverage for the Dicksons' debris removal before the proof of loss was submitted amounted to misconduct, but the SFIP requires insureds to use their own judgment to determine the amount of loss they claim. It was therefore solely the Dicksons' own responsibility to file a timely proof of loss for any amount they believed was covered

by the policy. 44 C.F.R. pt. 61 app. A(1), art. VII(J)(5); see DeCosta, 730 F.3d at 85. The fact that the claim had already been denied before the Dicksons submitted their proof of loss put them on notice that the claim was not going to be included. This gave them time to draft their own alternative proof of loss or to file a supplemental proof of loss for the disputed amount, but they did neither.

The district court decided that it had been misconduct for American Bankers to inform the Dicksons that they could file suit on the disputed claim after they submitted a proof of loss. In the court's view the company knew the claim would be procedurally barred and that it would contest any legal action on these grounds. At the time American Bankers sent its letter to the Dicksons, however, the claim had not been barred. Thomas Dickson wrote to his adjuster on September 19 to confirm that by signing the proof of loss the couple was not waiving its right to contest the denial of their debris removal claim. The adjuster explained in response that the Dicksons could "always submit a supplemental claim for additional damages." The Dicksons were thus alerted to the potential need for filing a supplemental claim well before the proof of loss deadline had passed. Moreover, the SFIP provides clear directives that the Dicksons needed to file a proof of loss for their claim. Had the Dicksons filed one, their suit would not have been procedurally barred. The responsibility to ensure compliance with the prerequisites for filing suit lay with the Dicksons, and the letter from American Bankers indicating that they had one year in which to file suit was not legally inaccurate.

In addition the district court concluded that the denial of coverage for debris removal was unreasonable and was itself evidence of misconduct. Independent adjusters are trained by FEMA to assist with the efficient processing of claims in the face of natural disasters. In this process they must make determinations of coverage. If a determination is negative, the insured has the option of bringing a supplemental claim. If such a claim is denied, the SFIP provides several courses of action: insureds may accept the denial, file an amended proof of loss by the deadline, or exercise their

rights under the policy. 44 C.F.R. pt. 61 app. A(1), art. VII.M.2. These procedures provide recourse to insureds who believe their claim has been wrongly denied. We are not presented here with a situation in which a WYO insurer has denied coverage in contradiction of clear directives from FEMA or binding authority to the contrary. The mere denial of a disputed claim cannot be misconduct.

Accordingly, we conclude on this record that the Dicksons' failure to file a proof of loss for their debris removal costs is a complete bar to recovery. We therefore reverse the grant of summary judgment to the Dicksons and remand for entry of judgment in favor of American Bankers.

_____